**XIU BIN LI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–2625–AG.

United States Court of Appeals, Second Circuit.

May 16, 2006.

Edward J. Cuccia, New York, New York, for Petitioner.

Alice H. Martin, United States Attorney for the Northern District of Alabama, Jenny L. Smith, Assistant United States Attorney, Birmingham, Alabama, for Respondent.

five participants in the drug conspiracy at issue.

PRESENT: JAMES L. OAKES, JOSÉ A. CABRANES, and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Xiu Bin Li, through counsel, petitions for review of the BIA's order affirming Immigration Judge ("IJ") William F. Jankun's decision denying Li's applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review questions of law *de novo, see Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003), but review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004).

Substantial evidence supports the IJ's conclusion that Li's claim for asylum was "purely speculative." Li admitted that, at the time of the hearing, she was unmarried and had no children. Li simply alleged that she planned to get married "one day" and that she "would like to have at least three children." Thus, the IJ properly found that "[a]ny claim that [Li] is making is purely speculative." Moreover, Li's reliance on her mother's forced sterilization does not strengthen her claim for asylum. As a matter of law, children are not *per se* eligible for asylum based on their parents' forced abortions or sterilizations. *Shao Yan Chen v. U.S. Dep't of Justice*, 417 F.3d 303, 305 (2d Cir.2005). Because her mother's sterilization did not impair Li's own procreative rights, she cannot claim past persecution on that basis. *See id.*

Li also asks us to consider the fact that, while her petition was pending in this Court, she gave birth to a son. *See* Petitioner's Brief at 12. However, our prior decisions have found that such circumstances are insufficient grounds for reopening immigration proceedings.* *See Wei Guang Wang v. Bd. of Immigration Appeals*, 437 F.3d 270 (2d Cir.2006); *Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005); *Guan v. Bd. of Immigration Appeals*, 345 F.3d 47, 49 (2d Cir.2003).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending request for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

* Nevertheless, another administrative remedy may still be open to Li. Under 8 U.S.C. § 1158(a)(2)(D), an alien may request permission to file a successive, untimely asylum application based upon "changed circumstances which materially effect [her] eligibility for asylum." *Guan*, 345 F.3d at 49.